## IVEY v. PHIFER.

1. One to whom a stakeholder pays over money, as the supposed winner in a horse race, after notice by the other party not to do so, is a competent witness for the stakeholder, when sued by the supposed loser, for improperly paying it over.

2. A notice by one of the parties to a horse race, to the stakeholder, not to pay over the money deposited with him, unless all the judges of the race should determine, that V had won the race, cannot be countervailed by proof of the rules of racing, or the rules of "the Hayneville Jockey Club."

3. It is within the discretion of the court, to receive, or reject testimony,

when offered out of the usual course of procedure, and cannot be revised on error.

Error to the Circuit Court of Lowndes.    Before the Hon. E. Pickens.

Assumpsit by the plaintiff in error.    It appears from a bill of exceptions, that the plaintiff, and one Vance, made a bet on a horse race of $250, which was placed in the hands of the defendant as stakeholder, and upon the conclusion of the race, the stake was paid over by the defendant, to Vance, after notice from the plaintiff not to pay over.    The defendant then offered Vance as a witness, who was objected to by the plaintiff, upon the ground, that he was interested, but was admitted to testify by the court, and the plaintiff excepted.

It was proved that the plaintiff said, he had no objection to the money being paid over to Vance, if all the judges decided he had lost the race.    The defendant then offered to prove, that by the rules of the Hayneville Jockey Club, where the race was run, a majority of the judges decided, who won, or lost the race, unless the judges thought proper to allow an appeal to the club.    The plaintiff objected to this testimony, but the court permitted it to go to the jury, and he excepted.

The plaintiff offered to introduce witnesses by way of rebuttal, to prove there had been foul riding, having in his opening offered one witness to prove that fact.    But the court refused to permit it, and he excepted.    These matters are now assigned as error.

J. D. F. Williams, for plaintiff in error.

1. The defendant below should not have paid over the money without the consent of Ivey, although in forbidding him to do so, Ivey annexed a condition to the notice.    Ivey v. Phifer, 11 Ala. Rep. 539.

2. The testimony of Jewell furnished no defence for Phifer.    It was therefore irrelevant, and calculated to mislead the jury.

Watts, contra.

1. Vance was a competent witness.    He was not inter-

ested in the event of the suit. He could neither gain or lose, directly or indirectly, by its result, and the judgment could not be evidence either for him or against him, in any suit which might be brought, either by Phifer or Ivey against him. It is clear that Ivey never could bring suit against him to recover the money lost on the race. And it is certain, if Phifer lost the present suit, he could never recover of Vance, the witness, the amount of money which Ivey might recover in this suit. Phifer having paid Vance with a full know-- ledge of the facts, could not recover against him in any event. If he has any interest, it is in the question, (not in the event of the suit,) and this does not disqualify him. See Massey v. Rogan, 6 Ala. 647; Stewart v. Conner, 9 Ala. 893, and authorities cited.

2. From the record, it appears that the foul riding was wholly irrelevant, and inadmissible as evidence. This being the case, it is no error to refuse to admit one piece of irrele- vant testimony to rebut other irrelevant testimony received without objection. See Stringer v. Young, 3 Peters's Rep. 320 ; Farmers' & M. Bank v. Whinfield, 24 Wend. R. 420. But the testimony offered, in addition to being irrelevant, was such, (if relevant,) as should have been introduced in chief; and in regard to the admission of testimony of this sort, after the defendant had closed his case, it was discre- tionary with the court to admit or reject, and the exercise of this discretion is not revisable in error. See State v. Marler, 2 Ala. 43 ; Towns v. Riddle, Ib. 694.

COLLIER, C. J.—1. This cause was before this court at a previous term, but none of the questions now presented were then determined. 11 Ala. Rep. 535. The competen- cy of Vance as a witness for the defendant, must depend up- on the consideration, whether he can be affected by the result of the present cause. If a recovery by the plaintiff would subject him to liability to the defendant, it must be conced- ed, that he should not have been permitted to testify ; for the judgment would be evidence against him, not only of the fact of its rendition, but also of the amount, though it might not conclude him from setting up any available mat- ter of defence against the defendant. But looking to the

facts proved on the part of the plaintiff, and the testimony of the witness, and the *prima facie* presumption is, that a verdict against the defendant would not give to the latter a cause of action against the witness. It was satisfactorily shown, that the defendant was inhibited by the plaintiff from paying to Vance the money which had been deposited in his hands as a stakeholder. This was the conclusion upon facts not more strongly stated than those now exhibited in the record, when this cause was previously decided. The payment was then made in despite of a notice prohibiting it, and when it could not have been coerced. It must be regarded as having been voluntarily made, and though to one not entitled to receive it, yet it cannot be recovered back. This has been so often held to be the law, that it may be considered a settled principle. 1 Step. N. P. 328 ; Hill v. Green, 4 Pick. Rep. 114 ; Bogart v. Nevius, 6 Sergt. & R. Rep. 369; Irvine v. Hanlin, 10 Serg. & R. Rep, 219. As then the witness is not liable to the defendant, whether the latter succeed in his defence or not, he had no interest in the result of the controversy, and his testimony was properly admitted.

2. The notice which the plaintiff gave to the defendant not to pay over the money deposited with him, unless all the judges of the race should determine that Vance was the winner, was explicit, and could not be countervailed by proof of the *rules of racing*, or the *rules of the Hayneville Jockey Club*. It is altogether immaterial what these rules were— they could not determine the meaning of the notice, or impair its legal effect. Custom or usage in commerce frequently becomes so well established as to furnish rules for the government of transactions between men. But it cannot be endured that rules established among gentlemen of the turf, or those who indulge in other descriptions of gaming, shall be recognized as obligatory, so as to furnish guides for the adjustment of controversies in courts of justice, in cases where they cannot explicate either the law or the facts. The notice given by the plaintiff was sufficiently precise to have informed the defendant what he meant, without a reference to extraneous matter. The testimony referred to was, then, irrelevant, to say the least of it—was calculated

to mystify and mislead—instead of enplaining the plaintiff's meaning, it opposed it, and therefore should have been rejected.

3. The plaintiff, in making out his case, adduced testimony to show that there had been "foul riding" on the part of the rider of Vance's horse; in the *cross-examination* the defendant introduced one witness, who testified that there had been "no foul riding;" then the plaintiff, by way of rebutting, offered two witnesses to prove the fact testified by the witness first examined by him, which the court refused to allow, on objection by the defendant. It is said that the examination of a single witness furnishes a miniature exhibition of the general course of examination in the whole cause; and that rebutting testimony must be confined to what is strictly a reply to facts elicited on the cross-examination. The party on whom the *onus probandi* lies of making out the case, or defence, cannot, without the permission of the court, introduce proof to the points to which the examination was directed, which does not tend to explain the cross-examination. If he has omitted from mistake, or other cause, to ask his question, or offer a witness, he can apply to the court for leave to supply the omission, by re-examining the same witness, or calling another who has not been previously examined. In short, it may be laid down generally, that the introduction of testimony out of the usual course of procedure, is within the discretion of the court, and this discretion should be exercised with a regard to justice, the interest and rights of the parties, and the proper disposition of business. But however it may be exercised, the propriety of the decision of the primary court in such a case cannot be revised by an appellate tribunal. In the case before us, the testimony rejected was not in reply to the cross-examination, but was cumulative—calculated to strengthen the plaintiff's case, in a point in which the witness by whom it was made out was not assailed as unworthy of credit; but the weight of whose testimony was merely lessened by countervailing proof. It follows then, that the circuit judge did not, in the rejection of the plaintiff's witness, commit an error of which

this court can take cognizance.　3 Phil. Ev. C. & H's Notes, 710 to 717, and citations there.

Upon the second point considered, the judgment is reversed and the cause remanded.