Webster *v.* Raver.

WEBSTER *et al.* *v.* RAVER.

In an action upon an attachment bond, it is error in the court to refuse instructions asked in reference to damages, when such instructions were in strict accordance with the Code.

Where a correct instruction is asked and refused, it is calculated to mislead the jury, although the substance of the instruction is given in a different form.

### Appeal from Jones District Court.

*Opinion by* HALL, J. Hamilton Raver, the appellee, brought his suit in the district court of Scott county upon

an attachment bond, executed by the appellants, William Webster and others, to appellee, on the 2d day of March, 1854, in the penal sum of four hundred dollars. Venue changed to Jones county. Judgment for plaintiff.

Upon the trial, the defendant below asked the court to instruct the jury: "That if said attachment was only wrongfully sued out, the plaintiff can only recover such damages as he may have proved to the jury he has sustained, and not exemplary damages." This instruction was refused by the court, and exceptions were taken by defendant. The court after this refusal, instructed the jury: "That they were the judges alone of the amount of damages and that exemplary damages were to be given only as they were satisfied that the attachment was willfully sued out."

The refusal of the court below to give the instruction prayed for by the defendant, is clearly error. The Code, § 1854, provides: That "in actions, on attachment bond, the plaintiff therein may recover, if he shows that the attachment was wrongfully sued out, and if willfully wrong, he may recover exemplary damages."

The giving of the instruction in a different form will not aid the defendant, 11 Ala., 585; 16 Ala., 720. It is error for a court to refuse a proper instruction, even though the same may be given in a different form.

The tendency of refusing correct and relevant instructions cannot be otherwise than to confuse and mislead a jury, and bring just contempt upon the administration of justice in our courts.

The instruction prayed for by the defendant below, strictly accords with the Code. The one given by the court rather fritters away the point, and only saves itself from absolute error by a proviso at the conclusion. Taking the refusal to give one instruction, and the giving of the other instructions together, the action of the court neutralizes itself, and renders the question doubtful, which

if left without any instruction, would have been more readily solved.

**Judgment reversed.**

*Poor* and *Henry*, **for** appellants.

*I. M. Preston,* for appellee.