## PHILLIPS vs. BEENE.

1. An opinion expressed by the court, during the progress of a trial, which does not appear to have been given in charge to the jury, or to have been in any way connected with a refusal to charge, or with the admission or rejection of testimony, cannot be the subject of revision in this court.

2. Where the declaration in an action of slander alleges, that the words spoken were in reference to an oath taken by the plaintiff before the register and receiver of a land office, touching the entry of land,

proof of an oath taken before a notary public, concerning the same subject matter, does not support the allegation.

3. A party is entitled to have a correct charge given in the words in which it is asked, and the giving of another charge, after its refusal, the same in substance, will not cure the error.

4. Parol proof of an entry under a pre-emption right is inadmissible, without first showing that the record evidence thereof cannot be had.

Error to the Circuit Court of DeKalb. Tried before the Hon. Lincoln Clark.

THIS was an action of slander by the defendant against the plaintiff in error. The declaration avers that in a matter of controversy wherein Jacob Beene was establishing a pre-emption right, &c., before the register and receiver of the land office at Lebanon, the plaintiff was sworn as a witness before said register and receiver, and gave testimony, and that the defendant spoke and published of and concerning said plaintiff and his said oath and testimony the false, malicious and defamatory words, &c. The bill of exceptions recites that " the above entitled cause came on for trial, when the question was raised before the court as to the competency of the register and receiver of the land office at Lebanon to administer an oath to witnesses and applicants for the benefit of the pre-emption law of 22d June 1838, when the court determined that in law the register and receiver was competent to administer such oaths, to which defendant excepts." The proof adduced in support of the declaration was the copy of an affidavit, certified by the commissioner of the General Land Office, which affidavit was made and sworn to by the plaintiff before a notary public, and had reference to a pre-emption claim preferred by Jacob Beene to the register and receiver at Lebanon. The plaintiff also proved by a witness, that a pre-emption had been obtained in the land office at Lebanon, to which testimony the defendant objected, but the court overruled the objection. It was in evidence that it was customary for the register and receiver, or either of them, to swear witnesses, examine them, and turn them over to the notary to reduce their testimony to writing.

The defendant asked the court to charge the jury, that if from the testimony they believed the oath was taken before a notary public, and so appeared upon the face of his certificate,

it was not sufficient proof to sustain the plaintiff's allegation that it was taken before the register and receiver, which charge the court declined giving, but charged the jury that if from the testimony they believed the oath of said witness was taken before the register or receiver, both being present, and that he was by them examined, and then turned over to the notary public to reduce the testimony to writing, it was sufficient.

The rulings of the court, the refusal to charge as requested and the charge given are now assigned as error.

WHITE, for the plaintiff in error.

J. B. MARTIN, for the defendant:

1. There is no law or statute, forbidding a notary public from administering the oath in cases of this character; and it is proved that such has ever been the custom in the land office in which this proceeding was had.—8 Wheaton, 326; Hill v. Norris, 2 Ala. Rep. 640.

2. The custom or usage here established is not opposed to any established principle of law, nor unreasonable in itself.— On the contrary, it is equally important for convenience and dispatch of business, that the register and receiver should swear witnesses, through some person appointed for that purpose, as that the judge of the Circuit or County Court should swear their witnesses through clerks, for which in most cases there is no express authority.—Gibson v. Culver, 17 Wend. 306; Desha, Smith & Co. v. Holland, 12 Ala. 516; 2 Cowan & Hill's Notes, 1413-14; Brown v. Farran, 3 Ohio, 154.

The charge of the court is sustained by the case of Hall v. Montgomery, 8 Ala. Rep. 510.

CHILTON, J.—We cannot review the point first attempted to be presented by the bill of exceptions. That informs us that when the cause was being tried a question was raised before the court as to the competency of the register and receiver of the land office to administer an oath to witnesses and applicants for the benefit of the pre-emption law of 22d June 1838, when the court determined that in law the register and receiver was competent to administer such oaths. How the question was raised does not appear. It may have

been insisted on by the counsel as an abstract proposition of law, and the court may have differed with him, but it cannot be seriously contended that every expression of opinion by the court during the progress of the trial, if erroneous, shall furnish ground for reversal. Such opinion must in some way influence the result of the cause, or be supposed to do so by being given in charge to the jury, or by a refusal to charge, or by being connected with the exclusion or admission of the evidence. A judge may decide right from a wrong reason, and if his decision be right, the revising court will not reverse, whatever erroneous propositions of law he may assume as the predicate for his conclusion. As then, in this case, it does not appear that the opinion expressed by the judge was given in charge to the jury, or even expressed in their hearing, and as the bill of exceptions does not show that it was in any way connected with the admission or rejection of testimony, we cannot notice the point further than to consider it as the response of the court to the suggestion of the counsel, in no way connecting itself with the judgment in the cause.

The declaration charges that the slanderous words were spoken by the defendant, of and concerning the plaintiff, and concerning a certain oath taken by said plaintiff before the register and receiver of the land office at Lebanon, in the matter of a controversy pending before them in relation to a preemption entry, in which said plaintiff was examined as a witness, &c. The defendant asked the court to charge the jury, that if from the testimony they believed the oath was taken before a notary public, and so appeared upon the face of his certificate, it was not sufficient proof to sustain the plaintiff's allegation that it was taken before the register and receiver. The affidavit of the party appears to have been made before a notary, and by him certified as sworn to and subscribed before him, which affidavit was forwarded to the General Land Office, and a certified copy used in the court below. This charge was clearly not abstract, and it presented the question of variance between the declaration and the proof. We think it exceedingly clear that if a suit is brought for slanderous words uttered respecting a party's testimony in one court, it will not suffice to sustain the declaration, if the words are not actionable in themselves without the colloquium, to prove that

they were spoken in reference to a different oath, or an oath administered by a different court. The charge of false swearing before the register and receiver would not be the same as charging the party with swearing falsely before a notary public, although the affidavit might be made in respect of the same subject matter; and a recovery for the one would constitute, I apprehend, no available bar to a suit for the other.—7 Bac. Abr. (Bouv. ed.) 497 to 508; Pharr & Beck v. Batchelor, 3 Ala. Rep. 237. The court, we conclude, mistook the law in refusing this charge; nor is the error cured by giving another charge subsequently, embracing substantially the charge asked, but limiting it to the testimony as the court seemed to suppose it preponderated. This court has often decided that a party is entitled to have a correct charge given as asked, and the giving of another charge, the same in substance, after the refusal of the first, will not cure the error.—4 Ala. Rep. 116; 11 ib. 535; ib. 1059; 13 ib. 222–537.

We are not called upon to express any opinion as to the authority of a notary public to administer the oath, in the taking of which the party was charged to have sworn falsely.— We know that affidavits of the kind, sworn to before notaries public, have for many years past, at some of the land offices of this State, been received and acted on by the registers and receivers, as well as the Department at Washington; and it would seem somewhat strange that there should be no authority found in the law, or the regulations of the General Land Office Department made in conformity with the law, to receive such proof. As, however, the case does not involve the point, we decline its investigation. See, however, Hall v. Montgomery, 8 Ala. Rep. 510.

The admission of parol proof to show that Beene obtained a pre-emption right was clearly erroneous. The officers of the land office keep their records of entries made, and the receiver gives to the party making such entry a duplicate receipt for the payment, specifying the land entered, the date, the area of the land, and the amount paid. As there is better evidence of the entry, it cannot be proved by parol, without first showing that the better testimony cannot be had. This point was expressly decided by this court in Yarbrough v. Hood, 13 Alabama Rep. 176. See also Mitchell v. Cobb,

ib. 137, where it was held that parol evidence is inadmissible to show that land was or was not an Indian reservation.

Let the judgment be reversed, and the cause remanded.