# Beal *v.* The State.

*Indictment for Forgery.*

1. *Forgery; admissibility of evidence.*—On a trial under an indictment, charging the defendant with having forged a mortgage which was given to a bank where the president of the bank testified, as a witness, to the execution of the alleged forged instrument, by the defendant, it is competent for the defendant to ask such witness, upon cross-examination, as to whether or not, prior to the present prosecution, he did not "prosecute defendant by swearing out a warrant against him for selling the mortgaged property,—the same property mentioned in your mortgage?" involved in the present suit.

2. *Same; same.*—On a trial under an indictment charging defendant with having forged a mortgage, where one of the attesting witnesses testified that he signed the mortgage, as a witness, and another witness testified that he saw the defendant sign it, the execution of the mortgage is sufficiently proved to authorize its admission in evidence; and where the mortgage inquired about is not set out in the bill of exceptions, a ruling upon an objection to the introduction of

[Beal v. The State.]

such mortgage in evidence, upon the ground that there was a variance between it and the one copied in the indictment, will not be reviewed on appeal; the burden being on the party taking the appeal to affirmatively show error to his prejudice.

3. *Evidence; proof as to manner of copying paper.*—A record is proved not by the manner in which is was copied, but by the production and inspection of the original papers, or an exemplified and authenticated copy; and, therefore, where a clerk in the office of the judge of probate testifies as to his having recorded a paper which was introduced in evidence, it is not competent to ask such clerk whether "in copying a paper on the record, do you always undertake to copy it as it is?"

4. *Trial and its incidents; right of judge to ask witness question.* In the trial of a case it is permissible, and is within the province of the court, for the court to ask a witness, who is being examined, such questions as it may deem necessary to elicit relevant and material evidence without regard as to whether such evidence will be beneficial or prejudicial to the one party or the other.

5. *Same; charge of court to jury.*—A trial court cannot be put in error for the refusal to give a charge requested by defendant, which is a substantial repetition of a charge previously given at the defendant's request.

6. *Forgery; charge of court to jury.*—On a trial under an indictment which charges the defendant with having forged a mortgage, a charge requested by the defendant asserts a correct proposition of law and should be given which instructs the jury "that if the defendant owned all of the property set out in the indictment at the time of making the mortgage, and it was the defendant's intention at that time that the property mentioned in the mortgage should be conveyed and held liable for the debt specified in the mortgage, then they should find the defendant not guilty."

APPEAL from the City Court of Anniston.

Tried before the Hon. THOMAS W. COLEMAN, JR.

The appellant in this case was indicted under the name of William E. Beal for the forgery in the execution of a mortgage, was convicted and sentenced to the penitentiary for two years. In the indictment, the document alleged to have been forged was set out in full. The name signed to the mortgage was "F. A. Beal" and the mortgagor describes himself in the mortgage as "F. A. Beal." The mortgage set out at length in the indict-

ment purports to have been witnessed by Frank Leigh
and Arthur Wellborn. The testimony for the State
identified the defendant as the person who executed the
mortgage alleged to have been forged to the City Na-
tional Bank, and the evidence tended to show that the
defendant signed the same as "F. A. Beal." The de-
fendant, as a witness, in his own behalf, testified that
he executed the mortgage set out in the indictment, and
signed it as F. A. Beal; that his name was "W. E. F. A.
Beal," and that sometimes he used the first two initials
in signing a paper and sometimes the last two, in sign-
ing a paper; that in the execution of the mortgage set
out in the indictment, he signed his name as "F. A.
Beal." The father of the defendant testified that his
son's name was "W. E. F. A. Beal." There were several
witnesses introduced by the State, who testified that
they knew the defendant as "W. E." or "Willis" Beal,
and that they had known him for a number of years,
and that they had never heard of his being named "F. A.
Beal." The other facts of the case necessary to an un-
derstanding of the decision of the present appeal are
sufficiently stated in the opinion. Among the charges
given by the court, at the request of defendant, was the
following: (1.) "The court charges the jury that if
they believe from the evidence that the defendant at
the time of the making of the mortgage owned the prop-
erty set out in the indictment, and made the mortgage
with no intent to injure or defraud, then you should
find the defendant not guilty." Defendant requested
the court to give the jury the following written charges
and to the court's refusal to give each of them, as asked,
duly excepted: (1.) "I charge you, gentlemen of the jury,
that if the defendant made the mortgage set out in the
indictment without having at the time, the intention to
injure or defraud, then you should find the defendant
not guilty." (2.) "The court charges the jury that if
the defendant owned all of the property set out in the
indictment, at the time of making the mortgage, and
that it was the defendant's intention at that time, that
the property mentioned in the mortgage should be con-
veyed and held liable for the debt specified in the mort-
gage, then they should find the defendant not guilty."

[Beal v. The State.]

T. C. Sensabaugh, for appellant, cited.—*Prince v. State*, 100 Ala. 144; *Lodge v. State*, 122 Ala. 98-99; *Salm v. State*, 89 Ala. 53.

MASSEY WILSON, Attorney-General, for the State. The witnesses Leigh and McElrath testified that they attested the execution of the mortgage; McElrath stating that he saw defendant sign the mortgage. This was sufficient evidence of its execution and authorized its admission in evidence, unless there was a variance, as contended by defendant. The instrument introduced is not set out in the record and this court can not say whether there was a variance or not.—*Burns v. State*, 39 Ala. 370, 373; *Shelton v. State*, 64 Ala. 565; *Burgess v. Mtg. Co.*, 115 Ala. 473; *Coker v. Ferguson*, 70 Ala. 284.

Whether or not the witness Wellborn prosecuted the defendant by swearing out a warrant against him for selling mortgaged property, was immaterial. If the question had been answered in the affirmative it would not have shown, without more, any hostile feeling on the part of the witness towards defendant.—*Carpenter v. State*, 98 Ala. 31; *Moore v. State*, 68 Ala. 360; *Morgan v. Dean*, 88 Ala. 224.

HARALSON, J.—1. The mortage set out in the indictment purports to have been signed by F. A. Beal, and witnessed by Frank Leigh and Arthur Wellborn.

The bill of exceptions recites that "Frank Leigh, witness for the State, upon being handed the mortgage set out in the indictment, testified, that the signature, Frank Leigh, signed to said mortgage was his signature." J. W. McElrath testified for the State, that he was present in the bank at the time said mortgage was given and saw defendant sign the same, and the witnesses thereto signed it as witnesses, while the defendant was present, and before the money was paid to him. M. B. Wellborn, the president of the bank, testified, that he was present at the time, as were defendant, Leigh, McElrath and Arthur Wellborn; that he knew the defendant, and he was the man who signed the mortgage to secure the indebtedness therein, and that when the

mortgage became due, he tried to find F. A. Beal and the property mentioned in the mortgage but could find neither. On the cross, defendant's counsel asked witness: "Did you not, last Fall, prosecute defendant by swearing out a warrant against him for selling mortgaged property,—the same property mentioned in your mortgage?" On objection made by the solicitor, the question was not allowed to be answered. In this there was error. If the witness had sued out the warrant inquired about, it might have implied bad feeling towards the defendant at that time, but whether so or not, or whether any bad feeling, if any, continued or not, were questions for the jury. This case is clearly distinguishable from the case of *O'Neal v. Curry,* 134 Ala. 217.

2. The witness Leigh, testified that he attested the mortgage as a witness, and McElrath testified that he saw defendant sign it. This evidence of its execution, was sufficient to authorize its admission in evidence. The mortgage is not set out in the transcript, though the evidence tended fully to identify it with the one set forth in the indictment. Without its being set out this court could not pass intelligently on defendant's objection to it,—that there was a variance between it and the one copied in the indictment. The burden was on the party taking the bill of exceptions, to affirmatively show error to his prejudice, or the ruling will not be disturbed.—*Burns v. The State,* 49 Ala. 370; *Shelton v. St. Clair,* 64 Ala. 565; *Burgess v. A. G. S. R. R. Co.,* 115 Ala. 473.

3. There was no error in sustaining an objection to the question asked the witness, John Crook, who was clerk in the probate office, viz.: "In copying a paper on the record, do you always undertake to copy it as it is?" A record is proved, not in the manner attempted, but by the production and inspection of the original or of an exemplified or authenticated copy.—*King v. Martin,* 67 Ala. 177; *Pearce v. Clements,* 73 Ala. 258.

4. The witness, Lester, for the State, had testified, that he had the mortgage in question for collection in the Fall of 1902, and was unable to find the property or defendant, F. A. Beal—the mortgagor; that he had known the defendant for several years, and had known

him as W. E. Beal, and that he had gone to the house of defendant's father, looking for F. A. Beal. The defendant's father, J. F. Beal, had testified that the defendant and another one of his sons lived with him in the Fall of 1902; that defendant's initials were W. E. F. A. Beal, and he sometimes, in signing his name, used W. E. and sometimes F. A. Beal; that he remembered Lester coming to his house, claiming to have a mortgage given by defendant to one C. J. Porter; that Lester said nothing about a mortgage by his son to the bank, made no inquiry for F. A. Beal while he was at witness' house, and that witness pointed out to him property belonging to defendant. E. L. Lester was recalled in rebuttal, and testified that defendant's father did not show him property that belonged to defendant, and besides, that he had no mortgage given by defendant to C. J. Porter. The court asked the witness: "Did you, when you went to the house of defendant's father, ask defendant's father for F. A. Beal?" In this there was no error. The evidence called for was relevant. It is always permissible for the court and its duty, to propound to witnesses such questions as it is deemed necessary to elicit any relevant and material evidence, without regard to its effect,—whether beneficial or prejudicial to the one party or the other. The development and establishment of the truth is its province and duty.—*Sparks v. State,* 59 Ala. 82.

5.   Charge 1 requested by defendant and refused was a substantial repetition of charge 1 given for him, and was, therefore, properly refused.

Charge 2 refused to defendant asserts a correct proposition of law, and was not substantially given, as contended, in either of the given charges 1 and 2.

For the errors indicated the judgment must be reversed.

Reversed and remanded.