# Ward v. The State.

### Assault and Battery.

(Decided September 7, 1916.  72 South. 754.)

1. **Criminal Law; Reception of Evidence; Rule.**—Where a witness has been put under the rule, and has disobeyed the rule, it is within the sound discretion of the trial court whether or not it will permit such witness to testify, and the court's action will not be reviewed unless abuse is shown.

2. **Evidence; Flight.**—In a criminal prosecution it is not competent to show that another, who is suspected of the crime, has fled the country; while a defendant may show that another has committed the crime for which he is charged, the proof thereof must be confined to substantial facts, and cannot include conduct, admissions or confessions, unless they be a part of the res gestae.

3. **Same.**—A defendant is not entitled to introduce testimony that another has been suspected or accused of the crime for which he is being tried.

4. **Charge of Court; Applicability to Evidence.**—Where there was evidence tending to corroborate the testimony of an accomplice, a charge asserting that defendant could not be convicted on the uncorroborated testimony of an accomplice, not only ignored a part of the evidence, but tended to mislead.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Cliff Ward was convicted of an assault and battery and he appeals. Affirmed.

R. P. COLEMAN, and E. H. HILL, for appellant.  W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

EVANS, J.—(1) It is within the sound discretion of the trial court to permit a witness, who was put under the rule, to testify, notwithstanding his disobedience and infraction of the rule in talking to others about the case; and such action of the trial court will not be revised upon appeal.—*Sanders v. State,* 105 Ala. 4, 16 South. 935; *Hall v. State,* 137 Ala. 44, 34 South. 680; *Burks v. State,* 120 Ala. 386, 24 South. 931; *Strickland v. State,* 151 Ala. 31, 44 South. 90.  Consequently, we do not review the exceptions reserved to the admission of witness George Armstrong to testify.

[Sherman v. The State.]

(2) Counsel insists that the court erred in not permitting defendant to show that one Sherman Pittman, who was suspected and accused of having committed the crime for which defendant was on trial, had fled the country. We do not think this contention sound. It is always proper to prove the flight of the defendant, but not that of another not on trial. It is, of course, permissible for the defendant to show that another than himself committed the crime with which he is charged; but such proof is confined to substantive facts, and cannot include conduct or admissions, nor even confessions, unless they are a part of the res gestæ—*McGehee's Case*, 171 Ala. 19, 23, 55 South. 159; *Levison's Case*, 54 Ala. 520; *Kemp's Case*, 89 Ala. 52, 7 South. 413; *Owensby's Case*, 82 Ala. 63, 2 South. 764; *Pope's Case*, 174 Ala. 63, 80, 57 South. 245; *McDonald's Case*, 165 Ala. 85, 89, 51 South. 629.

(3) The court also properly refused to allow the witness Armstrong to testify that Sherman Pittman had been "accused" of the crime for which defendant was being tried.—*Brown's Case*, 120 Ala. 342, 25 South. 182, and cases supra.

(4) A single written request to charge was refused to appellant, instructing that the "defendant cannot be convicted upon the uncorroborated testimony of an accomplice." In view of the confession of defendant to Travis Mixon, corroborating the accomplice and the conversation of defendant with the witness Armstrong, the court properly refused this charge, as it ignored a part of the evidence and its tendency was to mislead.

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.