(85 South. 824)

BRANDES v. STATE.    (6 Div. 593.)

(Court of Appeals of Alabama. April 6, 1920.)

1. INTOXICATING LIQUORS ⬦238(1) — EVIDENCE SUFFICIENT TO GO TO JURY.

Evidence in a prosecution for having possession of intoxicants, etc., *held* sufficient to go to the jury.

2. CRIMINAL LAW ⬦1054(1)—WITHOUT EXCEPTIONS APPELLATE COURT NOT REQUIRED OR AUTHORIZED TO REVIEW RULINGS ON EVIDENCE.

Unless proper exceptions are reserved to rulings on evidence, the appellate court is not required or authorized to review the same.

3. CRIMINAL LAW ⬦762(5)—COURT'S ASKING OF QUESTIONS TO DEVELOP TRUTH NOT OBJECTIONABLE AS INDICATING BELIEF OF GUILT.

Action of the trial court in asking questions to develop the truth, even though the matters elicited were unfavorable, is no basis for objection on ground that it indicated to the jury the court's belief that defendant was guilty.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Louis Brandes was convicted of violating the prohibition law, and he appeals. Affirmed.

Morris Loveman, of Birmingham, for appellant.

The court's action, in its remarks to the witnesses and in its examination of them, was highly prejudicial to the defendant. 59 Ala. 83.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The bill of exceptions in this case is a misnomer, and nothing is presented for review. 16 Ala. App. 469, 79 South. 143 (both cases).

BRICKEN, P. J. The defendant was convicted of violating the prohibition law under count 1 of a complaint which contained 10 counts. The count to which the verdict of the jury referred, omitting the formal parts thereof, contained the charge that within 12 months before making the affidavit, and subsequent to September 25, 1915, the defendant did manufacture, sell, offer for sale, keep or have in his·possession for sale, barter, exchange, give away, furnish at a public place or elsewhere, or otherwise dispose of prohibited liquors or beverages, contrary to law.

The evidence offered by the state consisted of the testimony of the sheriff of Jefferson county and one of his deputies, and also that of the chief of police of the city of Bessemer. The substance of the evidence of the two witnesses first named tended to show that the defendant and another man were arrested by these officers as they alighted from a Pullman coach attached to a train on the Alabama Great Southern Railroad; that the arrest took place at an isolated crossing on said railroad about two or three miles from Bessemer; the arrest occurred at or about daybreak, and at the time of the arrest the defendant and the other party had in their possession about 8 suit cases full of whisky, the suit cases containing from 8 to 12 quarts each; and, further, that the defendant had on his person a half pint bottle of whisky. The witnesses also testified as to voluntary admissions by defendant as to the whisky belonging to him. The testimony of the chief

of police of Bessemer tended to corroborate the sheriff and his deputies as to the voluntary admission by defendant that the whisky belonged to him. The venue was proven.

[1] The testimony of defendant and his witnesses tended to show that the whisky in the grips or suit cases did not belong to him, but belonged to other parties, and that he was there at the time and place for the purpose of buying some of the whisky. These conflicts in the testimony made it a case for the determination of the jury, and the court properly submitted the case to the jury.

[2] Pending the trial several objections were interposed to the introduction of the evidence, but during the whole trial no exceptions were reserved by defendant's counsel to any of the rulings of the court. While this court is not required or authorized to consider and treat of rulings of the court upon the admission and rejection of evidence, in the absence of proper exception, nevertheless in this case we have examined the rulings of the court in each instance, and are of the opinion that no ruling of the court appears prejudicial to the substantial rights of the defendant.

[3] Appellant's counsel, on this appeal, states in his brief that he did not represent the defendant in the court below. The contention is made here, in fact the only question presented, is that the attitude of the trial judge during the progress of this case was very prejudicial to the defendant, that it was manifest that the court at an early stage of the trial conceived the idea that the defendant was guilty, and that by the court's actions in repeatedly propounding questions to witnesses, and by emphasizing and reiterating portions of the testimony damaging to defendant, by this and other means the trial judge indicated to the jury and impressed upon the minds of the jury the evident fact that he believed the defendant to be guilty as charged. In this connection, however, counsel for appellant particularly disclaims any intention or desire to impute to the trial judge intentional impropriety or intentional misconduct in the premises; the contention being that, however free from such motive the trial judge might have been, notwithstanding the hurtful effect to defendant was the same.

From the viewpoint of this insistence we have most carefully examined the entire record, and have particularly noted every utterance of the court complained of, and our conclusion is that there is no merit whatever in the position taken by appellant's counsel, and that nothing transpired during the progress of the entire trial to militate against the constitutional right of defendant to have a fair and impartial trial by a jury. The unquestioned province of the court—in fact, the solemn and sacred duty of a trial judge—is the development and establishment of the truth, and in this connection it is always permissible for the court, and if it appears necessary for him to do so it is his duty, to propound to witnesses such questions as it is deemed necessary to elicit any relevant and material evidence, without regard to its effect, whether beneficial to the one party or the other. Beal v. State, 138 Ala. 94, 35 South. 58. In fact, it is a sacred duty of a judge, both in civil and criminal cases, to give strict attention to the evidence, and to all facts and incidents attendant upon the trial, to propound questions to witnesses if in his judgment he deems it necessary, and to supervise and control the proceedings before him, with a view that justice may not miscarry. As before stated, there is nothing in the record before us even tending to show that the trial judge transcended his authority or abused the discretion with which, under the law, he is vested.

The case cited by appellant's counsel, Sparks v. State, 59 Ala. 82, is not in point here, as there is no analogy whatever in the facts of that case and the case under consideration. In that case it was very properly held that it is not within the province of a judge to converse privately, either in or out of court, with a witness, to ascertain whether he has knowledge of particular facts, or to suggest to the witness, after his examination, that there are facts other than those to which he has testified, within his knowledge. To like effect is the holding in the later case of De Bardeleben v. State, 16 Ala. App. 367, 77 South. 979, in which Samford, J., speaking for the court, said:

"Where, after close of testimony for defendant and the state, and after argument and before rendition of judgment by the court trying the case without a jury, in the absence and without knowledge of accused, and his counsel, the court called a state's witness and examined her further concerning matters previously testified to, and also had goods introduced by the state as evidence valued by a person not a witness in the case, such action invaded accused's constitutional right to a fair and open trial, and that he be confronted with the witnesses against him."

It appears to this court, and we so hold, that the defendant in the court below was accorded a fair and impartial trial by jury, that the verdict of the jury and the additional punishment fixed by the court was clearly authorized under the evidence in this case, and that from the beginning of this trial and to its end no error occurred prejudicial to the substantial right of the defendant. The judgment of conviction, therefore, must accordingly be affirmed.

Affirmed.