269 So.2d 134

Ernest Lee LUCY

v.

STATE.

2 Div. 74.

Court of Criminal Appeals of Alabama.

Nov. 14, 1972.

Leonard M. Lowrey, Jr., Linden, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was charged with murder in the first degree, convicted of manslaughter in the first degree, and sentenced to ten years imprisonment.

A brief statement of the evidence introduced by the State tends to show that on a Sunday afternoon in April of 1971, Johnny

Dumas was visiting in the home of his sister, Rosalie Calhoun. The appellant and several other people were there, including the husband of Rosalie. Johnny Dumas told appellant to stop seeing Rosalie's fourteen year old daughter. Then Dumas left for his home apparently to get his gun after telling appellant that if he was there when he got back he was going to kill him. Dumas came back shortly with his shotgun, whereupon appellant, who was still there, ran into the Calhoun house. Then Dumas, after being told that the appellant was in the house, started in the back door with his gun. Just as he entered the door, he was met by appellant, who stabbed him several times with a knife in the area of the chest whereupon the deceased let the gun go and started back toward his car. He was followed by appellant, who stabbed him several more times by the time he reached the corner of the house. The deceased walked over to his car, fell to the ground, bleeding profusely and died shortly thereafter.

The appellant did not testify himself and offered no witness in his own defense.

In brief, the appellant argues that the court erred in admitting testimony, over appellant's objection, that appellant was going with the fourteen year old daughter of Rosalie and Fred Calhoun. It appears that both Rosalie and Fred Calhoun had asked appellant, a married man, sometime in the past, not to see the girl but he had kept coming back to the house where they lived to see her. As set out in the statement of facts above, shortly before the killing, the deceased, Johnny Dumas, had also warned the appellant and told him to stop seeing this girl, after which Dumas went home and got his gun and returned to the scene.

▆ We think this testimony was relevant as tending to throw some light upon the question of motive, the proof of which is not necessary but always provable.

▆ A fact is admissible if it has probative value upon a provable matter, even though that value may be very slight and

weak. Senn v. State, 35 Ala.App. 62, 43 So. 2d 540; Barnes v. State, 31 Ala.App. 187, 14 So.2d 242.

We think the ruling of the court, complained of, was in line with the authorities, supra, and many others along the same line. No error appears in this respect.

Although not argued in brief, we note that objection was made during the trial to the testimony of Deputy Sheriff Ramsey, a witness for the State, that deceased's death was caused by the loss of blood from stab wounds by appellant. It appears from a preliminary examination that the witness had, during his career as a police officer, considerable experience in observing stab wounds and the effects thereof and was more knowledgeable than the average witness or juror. Grant v. State, 46 Ala.App. 232, 239 So.2d 903; Cazalas v. State, 43 Ala.App. 6, 178 So.2d 562.

▆ The competency of the witness to give his opinion as to the cause of death was addressed to the sound discretion of the court and its ruling will not be disturbed on appeal in the absence of abuse. See cases cited in Alabama Digest, Volume 6, Criminal Law, ⬤ 481.

Aside from this, the jury could conclude from the physical facts in evidence that deceased died from the effects of the wounds.

▆ From a careful examination of the record, we have discovered no error to reverse. Therefore, this case is due to be affirmed.

The foregoing opinion was prepared by Hon. W. J. HARALSON, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

CATES, P. J., and TYSON, HARRIS and DeCARLO, JJ., concur.