321 So.2d 264

**Charles Michael ELSTON**

v.

**STATE.**

**7 Div. 345.**

Court of Criminal Appeals of Alabama.

Oct. 21, 1975.

John W. Vardaman, Anniston, for appellant.

William J. Baxley, Atty. Gen., and C. Lawson Little, Asst. Atty. Gen., for the State.

BOWEN SIMMONS, Supernumerary Circuit Judge.

The jury convicted appellant-defendant of robbery which was charged in an indictment. Punishment was fixed at ten years imprisonment. This appeal is from a proper judgment. Appellant, an indigent, was represented at nisi prius by appointed counsel and here also by appointed but different counsel.

### Motion to Dismiss

Defendant at the beginning of his trial made an oral motion to dismiss the indictment for that he was denied a speedy trial. The motion was denied.

A stipulation of facts with respect to the motion is substantially as follows: (1) the alleged robbery occurred April 23, 1974; (2) defendant was arrested either on April 24 or 25, 1974; (3) bound over to grand jury during the week of May 8, 1974;

(4) a grand jury met during the week of August 19, 1974; (5) a grand jury met again during the week of October 25, 1974, at which time appellant was indicted; (6) that defendant had appointed counsel for the trial of the case October 30, 1974, and also on May 8, 1974, for the preliminary hearing.

Thus we observe that the earliest time he could have been indicted for the offense was by the grand jury convening August 19, 1974; approximately two months later he was indicted.

It appears in *Barker v. Wingo*, (1972) 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 that an inflexible rule cannot be used to establish a defendant's right to a speedy trial, but can be done only on an ad hoc balancing basis, in which the conduct of the prosecution and that of the defendant are weighed. The court's assessment should be based on factors (1) the length of and reason for the delay, (2) the defendant's assertion of his right, and (3) prejudice to the defendant.

As we view the record, the delay here as shown by the stipulation did not cause any serious prejudice, in fact none at all as we observe, to defendant in the trial of his case; the delay was not unreasonable in the light of crowded trial dockets in jurisdictional courts. It is true defendant was in jail because he was unable to make bail that was authorized. This imprisonment, an inconvenience, was not necessarily prejudicial to his right of a speedy trial. Denial of the motion to dismiss the prosecution was free of error. *Moulden v. State*, 47 Ala.App. 573, 258 So.2d 915(1).

### On the Merits

Appellant next contends that his lineup was illegally conducted for that he did not have counsel, and further that the behavior of the Assistant District Attorney at the lineup was questionable.

The state offered evidence at an in camera hearing that there were only two

lineups instead of five, and that on each of the two lineups defendant was represented by appointed counsel. The court ruled against defendant's contention that the lineups were illegally conducted. *Haggler v. State,* 49 Ala.App. 259, 270 So.2d 690; *Shewey v. State,* 48 Ala.App. 730, 267 So. 2d 520(2); *Havard v. State,* 50 Ala.App. 147, 277 So.2d 421. In view of the fact that he heard the evidence ore tenus, we are unwilling to disturb his ruling.

An issue of fact as to the guilt or innocence of defendant was before the jury whose verdict was adverse to defendant's contention of an alibi. We see no reason to disturb this verdict.

 Appellant contends that argument of counsel for the state was injurious to him and that the court erroneously overruled his objection thereto; also the court committed error in denying his motion for a mistrial because of such argument.

We quote the argument:

" . . . I submit to you ladies and gentlemen of the court that we were lucky no one was hurt in the robbery, and the next time that might not be true."

This argument was reasonably calculated to call the jury's attention to the serious aspect of the robbery and to appeal for law enforcement. It was within the realm of a legitimate appeal to the jury. The court's ruling, supra, was not error.

▮ Another assertion of error is the refusal of the trial court to give defendant's written charge is as follows:

"I charge you members of the jury, that you must find the defendant not guilty, if the conduct of the defendant, upon a reasonable hypothesis is consistent with his innocence."

This charge was fairly and substantially covered by other given charges submitted by the defendant; and also by the oral charge. Title 7, Section 273, Recompiled Code, 1958.

We think the judgment of the court free of error. It is affirmed.

The foregoing opinion was prepared by Honorable BOWEN SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.