The appellant was adjudged to be a Youthful Offender in the Circuit Court of Calhoun County on four underlying charges of criminal mischief in the first degree. He received concurrent sentences of eighteen months, and was ordered to make certain restitution as a condition of probation.
Before this Court, appellant contends as follows:
 (1) The evidence was insufficient to support a judgment of conviction.
 (2) The prosecution failed to make out a prima facie case, and therefore the trial court erred in overruling appellant's motion for acquittal.
 (3) The trial court erred in examining the defendant by using excerpts from the youthful offender investigation.
 (4) The trial court erred in ordering full restitution to victims who had received partial reimbursement from insurance proceeds.
The State's case against defendant was circumstantial. After receiving a call at approximately 4 a.m. that three black *Page 361 
males were cutting tires on the lot of Toyota of Anniston, Anniston Police Officer Billy F. Lett arrived to find numerous damaged tires. He then proceeded to Wilson's Pontiac and Cadillac where he observed numerous other damaged tires. He then proceeded to Superior Oldsmobile and Cadillac where other tires were found to be damaged with some tires continuing to leak air. No one was seen at these establishments. Officer Lett then proceeded to PeeWee Turner's Used Car Lot and observed defendant and two other black males standing by a van which had damaged tires. He further observed one subject (not appellant) drop an object by the van. Two knives were found beside the van. All three suspects were arrested and charged with four counts of criminal mischief in the first degree.
In non-jury cases, the judgment of the trial court, when based on testimony ore tenus, will be affirmed unless the judgment was clearly wrong or so contrary to the weight of evidence as to be manifestly unjust. Bennett v. State,57 Ala. App. 568, 329 So.2d 627 (Ala.Cr.App. 1976); Carpenter v.State, 380 So.2d 368 (Ala.Cr.App. 1980). Thus we find appellant's first two contentions to be without merit.
As to appellant's third contention, we again state that a trial judge may ask questions of a witness which would be proper for the prosecutor or defense attorney to ask as long as he does not depart from a standard of fairness and impartiality. Berry v. State, 408 So.2d 548 (Ala.Cr.App. 1981), cert. den. 408 So.2d 551 (1982). The issue of the route defendant walked prior to his arrest was opened by his attorney and was, therefore, proper subject of cross-examination or examination by the court. Harris v. New York, 401 U.S. 222,91 S.Ct. 643, 28 L.Ed.2d 1 (1971). Additionally, no objection was made to the court's questions and consequently nothing is presented here for review. Davis v. State, 54 Ala. App. 115,305 So.2d 390 (Ala.Cr.App. 1974).
Appellant lastly contends that the trial court improperly ordered restitution in the full amount to victims who testified they had been partially covered by insurance proceeds. The Codeof Alabama, 1975, Section 15-18-65, states in part:
 ". . . all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof. . . ." (Acts 1980, No. 80-588, p. 928, ¶ 1.) (Emphasis added.)
Section 15-18-66, Code of Alabama, 1975, defines "pecuniary damages" as:
 ". . . all special damages which a person shall recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities. . . ."
In civil actions against the defendants, the victims in these cases would have been entitled to recover, as an element of damages, their losses made the basis of the restitution order, notwithstanding any insurance coverage. The subrogation rights of the insurers or the question as to whether or not the insurers should have been included in the restitution order are not properly before this court.
In addition, Code of Alabama, 1975, Section 15-18-69, states in part:
 ". . . the defendant, the victim, the district attorney, or other interested party may object to the imposition, amount or distribution of restitution or the manner or method thereof and the court shall allow all such objections to be heard and preserved as a matter of record. The court shall thereafter enter its order upon the record. . . ." (Emphasis added.)
Appellant did not object to the amount of restitution ordered by the trial judge at time of sentence, and thus waived any objection on appeal.
After carefully considering each contention raised by the appellant, we find no reversible error. Therefore, the judgment of the circuit court is affirmed.
The foregoing opinion was prepared by the Honorable J. EDWARD TEASE, Circuit *Page 362 
Judge, temporarily on duty on the court pursuant to § 12-2-30
(b)(6), Code of Alabama 1975; his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.