Marvin Freeman, Sr., was indicted for receiving stolen property in the second degree in violation of § 13A-8-18, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and following a habitual offender hearing, the trial judge set sentence at ten years' imprisonment in the penitentiary. *Page 777 
On August 1, 1981, two Poulan chain saws were found missing from a shed on the campus of Tuskegee Institute. The chain saws had a value of $300.00.
Later that day, C.J. Faulk received a phone call from a man named Clifford Johnson, who asked Faulk if he wanted to buy two chain saws. Soon afterwards, Faulk met the appellant and Johnson at the back gate of the campus. Johnson told Faulk the appellant was going out of the pulp wood business and wished to sell the two saws. Faulk then gave the appellant a $200.00 check in payment for the saws. The appellant cashed the check at Bargain Town that same day.
Several defense witnesses testified that the appellant had taken the saws in pawn from Johnson and the reason the check was made out to the appellant was because Johnson owed him money.
 I
During the course of the trial, several defense witnesses attempted to testify about what the appellant had told them. The prosecution objected to this testimony and the trial judge sustained these objections. The appellant contends these statements should have been allowed into evidence as an exception to the hearsay rule.
There is no need to discuss the merits of this issue since we find the appellant did not properly preserve this issue for our review. Following the trial court's ruling on these objections by the prosecution, defense counsel should have made an offer of proof of what the witness was expected to answer and stated the reason the statement should be admitted into evidence. See R. 83-84, 86, 87, 97-98, 110, 116-118.
Since defense counsel failed in each instance to make an offer of proof, there is nothing before this court on which we could predicate error. McElroy's Alabama Evidence § 425.01 (3d ed. 1977); Reeves v. State, [Ms. 1 Div. 702, June 12, 1984] (Ala.Crim.App. 1984).
 II
After the jury had begun their deliberations, the following occurred.
 "THE COURT: First, let me tell you that I certainly will not inquire as to any votes that you have taken or anything like that. And my inquiry is just a very general inquiry. Who is your foreman? What I need to ask you is whether you are anywhere — feel that you are anywhere near a verdict at this point in time because it's now 6:25 at night. And I've got to make a very difficult decision about what to do next, in the case because we have — tomorrow is a state holiday. I do have other things scheduled on Monday. But it appears to me that probably if we don't reach a verdict tonight that we may have to come back and resume the deliberations on Monday morning. That's a long time to be divided and a long time to not be reviewing the evidence. I mean, you know, to get away from the evidence and so forth. So what do you think: Are you anywhere near a verdict?
"FOREMAN: Your Honor, would one hour be reasonable?
"THE COURT: I can't say what would be reasonable.
 "FOREMAN: I feel that we may perhaps come to a conclusion within an hour.
 "THE COURT: O.K. I'm going to let you go back. I will not promise any set time. As a practical matter I had somewhere I'm supposed to be a little bit later tonight. I may at any time have to make a decision to stop the deliberations. It would not be appropriate under any circumstances for me to just set an arbitrary time. But I will simply tell you to go back and continue your deliberations and see how you come out. And we will send for you if it becomes necessary to do that and for us to disband for the night." (R. 155-156).
The appellant complains that he was denied a fair trial because the trial judge's statement to the jury imposed an arbitrary limit on the period of deliberation. *Page 778 
The above-quoted portion of the record clearly indicates that the trial judge was not giving the jury a specific time period in which to reach a verdict. The trial judge was merely inquiring if the jury had an idea of when they might reach a verdict so he could make plans in the event they were unable to reach a verdict that night. We cannot hold that the appellant was prejudiced by the trial court's actions in this regard.
Moreover, defense counsel did not object to the trial court's statement and, therefore, did not preserve this issue for our review.
 III
The appellant asserts he was denied a fair and impartial trial as a result of the conduct of the trial judge during the course of the trial. The record does not support this contention.
We have examined this record in each instance referred to by counsel in brief.
This includes the trial judge's admonition to witness Marilyn Stinson, with reference to her testimony, also Nettie Stinson and Clifford Johnson as to their testimony.
We also have examined the questions asked of several witnesses by the trial judge. We find no error in the instances cited to us. Brandes v. State, 17 Ala. App. 390, 85 So. 824
(1920) and Hinkle v. State, 50 Ala. App. 215, 278 So.2d 218
(1973).
After our review of the record, this court finds the trial judge conducted the trial in a fair and impartial manner. We do not ascertain any improper conduct on the part of the trial judge and, therefore, we hold there is no basis for a reversal on this issue. Thomas v. State, 393 So.2d 504 (Ala.Crim.App. 1981), and authorities herein cited.
 IV
The appellant's last contention is that the trial court erred by allowing the jury to view the two chain saws which had been stolen because a proper chain of custody had not been shown. We cannot agree with this contention. The two saws were never offered into evidence and, therefore, it was not necessary for the State to establish a proper chain of custody in regard to the two saws.
For the reasons stated above, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 1042