36 So.2d 242

### ANDERSON v. STATE.

4 Div. 39.

Court of Appeals of Alabama.
April 20, 1948.

Rehearing Denied May 11, 1948.

W. Perry Calhoun, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and Hugh F. Culverhouse, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged the defendant (appellant) with the offense of grand larceny, in that, he feloniously took and carried away a one hundred dollar bill, a twenty dollar bill, and a five dollar bill, all in the lawful currency of the United States of America, of the value of $125.00 the personal property of P. C. Williams, against the peace and dignity of the State of Alabama.

To said indictment the defendant interposed his plea of not guilty. The trial, in the court below, resulted in the conviction of the defendant of grand larceny as charged, and the court as the law requires, in cases of this character, fixed his punishment, which was imprisonment in the penitentiary for a term of five years. Judgment of conviction was duly pronounced and entered, from which this appeal was taken.

Upon the trial in the court below the evidence was without dispute or conflict, consisting as it did, solely of the testimony of the witnesses for the State. This evidence was in substance as follows:

That on Sunday, April 20, 1947, one P. C. Williams, the prosecutor in this case, while in Henry County, Alabama, met the appellant who was driving a 1929 Model A, Black Ford with red wheels and seal beam lights. The appellant first approached one Bud Samson, who was, on this Sunday afternoon, in front of his brother's house in Henry County. The appellant asked Bud Samson the name of a party that lived at the foot of the hill and after Samson answered this query, the appellant said that somebody down there at the crossing wanted to buy an A Model. Bud Samson then told the appellant that P. C. Williams, who was in his brother's house, wanted to buy one. P. C. Williams then came out of the house and went to the road and examined the automobile. The appellant offered to sell the automobile to P. C. Williams for $225.00; $125.00 down, and the balance ($100.00) in six months. After this offer to sell, the appellant and P. C. Williams got in the said automobile and drove to P. C. Williams' house where P. C. Williams obtained a twenty dollar bill and a five dollar bill from his wife, Sarah Williams. Im-

mediately thereafter the appellant and P. C. Williams departed in the automobile and proceeded to a store owned by one Ernest Money. P. C. Williams then obtained a loan of $100.00 from Ernest Money to buy the said automobile. Mr. Ernest Money granted the loan and gave P. C. Williams a hundred dollar bill. P. C. Williams and the appellant then drove off down the road in the direction of Abbeville, as the appellant had stated that that was where he lived. While on the way to the appellant's house, the appellant was telling P. C. Williams about the car and that he would have to fix up the papers of the sale when he reached his house. At Capps Station the appellant, who was driving, stopped the automobile and pointed to a house located on a hill a short distance away. He represented to P. C. Williams that this was where he lived and he would go up there and get the papers fixed up and then return with the automobile. The appellant also told P. C. Williams to let him have the money, as he didn't want P. C. Williams to go to his house for his niece would charge P. C. Williams more for the car than he would. Thus, P. C. Williams got out of the car and he did give to the said appellant the $100.00 bill, a twenty dollar bill, and a five dollar bill. The appellant then drove off in the said automobile and did not return with either the money or the automobile.

The evidence further shows that the appellant, upon his arrest in Florala, Alabama, did state to one J. T. Burton, a State Investigator for the State of Alabama, that the 1929 Model A Ford belonging to him, which was found parked on the street in Florala, was the automobile which, during the latter part of April, he had taken to Henry County, Alabama, and had sold to a Negro from whom he had obtained $125.00 and that he, the appellant, had left him standing on the side of the road. The appellant made this statement to Burton in the presence of Mr. Tom Gantt, Chief of Police at Florala, Mr. Ralph Wilson and Mr. Hester, two highway patrolmen.

The only insistence of error urged by appellant is to the effect that the evidence for the State failed to make out a case of grand larceny, hence, as a matter of law, the defendant was entitled to his discharge. The fallacy of this insistence is obvious, for the law is, if the defendant, when he received the money, entertained the fraudulent purpose of appropriating it to his own use, he would be guilty of larceny, and where one gains possession of the money so as to constitute only a bare charge, or custody, or procures it by subterfuge, it does not divest the possession of the true owner who is still in the constructive possession, and the offense of appropriating the money is larceny. Boswell v. State, 1 Ala.App. 178, 56 So. 21; Levy v. State, 79 Ala. 259; Eggleston v. State, 129 Ala. 80, 30 So. 582, 87 Am.St.Rep. 17. So the inquiry is, and this is for the jury to determine, (1) did the defendant entertain the intent to deprive the owner of the money at the time he came into its possession; and (2) did the alleged injured party surrender the possession of the money only and not the title thereto?

The trial court submitted these questions to the jury and in doing so delivered a full, fair and lucid oral charge, covering every phase of the law involved in this case.

The above quoted evidence was ample in every respect to sustain the verdict of the jury and support the judgment of conviction pronounced and entered. The following authorities are conclusive: Reynolds v. State, 31 Ala.App. 259, 15 So.2d 600, certiorari denied 245 Ala. 47, 15 So.2d 605; Murchison v. State, 32 Ala.App. 427, 26 So.2d 622; Illinois Automobile Ins. Exchg. v. Southern Motor Sales Company, 207 Ala. 265, 92 So. 430, 24 A.L.R. 734; Commonwealth v. Barry, 124 Mass. 325; Frazier v. State, 85 Ala. 17, 4 So. 691, 7 Am.St.Rep. 21; 17 R.C.L. 13.

Affirmed.