Gerold Vance Andersen was indicted for theft of property in the second degree in violation of § 13A-8-4, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment," and following a habitual offender hearing, the appellant was sentenced to five years' imprisonment.
On April 26, 1981, the appellant entered into a contract with Mrs. Cecil E. Adams. The terms of the contract stated that the appellant promised to perform certain yard work for the Adamses in return for their promise to pay $330 for the work. Mrs. Adams signed the contract without reading the fine print and gave the appellant a $200 deposit check.
Mrs. Adams testified during trial that she told appellant the yard work had to be completed by the end of May, when she and her husband, George D. Adams, were leaving on vacation. Appellant assured Mrs. Adams he would begin the job no later than Saturday of the following week. The contract provided, however, that appellant *Page 968 
would not begin work on this job until all his previous jobs were completed.
When appellant failed to begin work the following week, the Adamses attempted to contact appellant to inquire when he would begin the job. The Adamses made numerous telephone calls to appellant but each call was received by an answering service which took their messages. Appellant never returned their calls. Mrs. Adams testified she was aware appellant was working at a friend's house in the neighborhood during this period of time.
On May 28, 1981, the Adamses sent a letter by certified mail to the appellant cancelling the contract and demanding return of their $200 deposit. The Adamses left on vacation for three weeks. They again attempted to reach appellant, unsuccessfully. They sent several letters to appellant threatening court action if their deposit was not returned. The appellant never replied to their letters. Mr. Adams went on several occasions to appellant's place of business, but was unable to see the appellant. On one particular occasion, Mr. Adams spoke with Velma Andersen, the appellant's wife. She informed Mr. Adams that the appellant had been seriously burned in a gasoline explosion in early June and he had not been able to work all summer. Mrs. Andersen told Mr. Adams that the appellant was not able to see him but that she would send the deposit check in the mail the next week. The Adamses never received the deposit check.
Tony Evetts testified he rented warehouse space to the appellant and that he found two letters the Adamses had sent to appellant in a filing cabinet belonging to appellant.
At this point in the trial, the appellant made a motion for a directed verdict on the grounds that the State had not proved a prima facie case of theft. The appellant also contended this case should be a civil action for breach of contract rather than a criminal prosecution for theft. The trial court denied this and overruled the appellant's motion.
Velma Andersen testified she was the secretary for her husband's business. She stated she received her husband's phone messages and mail but never opened his mail. Mrs. Andersen remembered Mr. Adams had been to their house demanding the return of the deposit and threatening court action if it were not so returned.
The appellant stated at trial that he explained the terms of the contract in full detail to Mrs. Adams on the day it was signed. He testified some of his other jobs were extended which delayed the commencement of work on the Adamses' yard. The appellant stated he received a telephone message from the Adamses cancelling the contract because they were leaving on vacation and requesting return of their deposit.
The appellant testified he was willing to return $130 of the Adamses' deposit, but would not refund the entire $200 because the contract contained a 35% forfeiture clause. He stated when he learned that his wife had not sent the Adamses a check, he immediately sent a check to them which was returned refused.
 I
Appellant contends in his brief § 13A-8-4, Code of Alabama, is unconstitutionally vague in its application to this case, in violation of the contract clause of the United States Constitution, Article I, Section 10 and the Fourteenth Amendment to the U.S. Constitution.
This court has held that constitutional rights must be seasonably raised in the lower court. Beasley v. State,408 So.2d 173 (Ala.Cr.App. 1981), writ denied, 408 So.2d 180 (Ala. 1982). Since the appellant did not properly preserve this question for appellate review because he failed to raise the unconstitutionality of the statute at the trial level, we need not therefore consider this issue.
 II
The appellant contends that the trial court committed reversible error by failing *Page 969 
to instruct the jury on contract law. This court has held "in the absence of a request, objection, or exception, an alleged error in the trial court's failure to instruct cannot be raised for the first time on appeal." Sims v. State, 386 So.2d 767
(Ala.Cr.App. 1980), writ denied, 386 So.2d 770 (Ala. 1980). The appellant's attorney failed to request instructions on the contract law at issue and did not reserve any exceptions after the judge's charge to the jury, and therefore did not preserve this issue for appeal. Allen v. State, 414 So.2d 989
(Ala.Cr.App.), affirmed 414 So.2d 993 (Ala. 1982).
 III
The appellant's principal contention is that the trial court committed reversible error in overruling his motion for a directed verdict on three grounds:
(1) the State did not show that the appellant had the necessary criminal intent to deprive the Adamses of their property;
(2) there was no deception on the part of the appellant, and,
(3) there was a contract entered into by responsible adults and which the appellant was not given an opportunity to perform, and moreover, this case should be a civil not a criminal matter. The language of § 13A-8-2, Code of Alabama, as that language was used in the instant indictment reads:
 "A person commits the crime of theft of property if he:
 (1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
 (2) Knowingly obtains by deception control over the property of another with intent to deprive the owner of his property."
A key word in § 13A-8-2, supra, is "deception" which occurs when a person knowingly "promises performance which the defendant does not intend to perform or knows will not be performed." Ala. Code § 13A-8-1 (1)(f). The appellant contends his failure to perform under the contract at issue does not prove his intent to deprive the Adamses of their property. The Code explicitly states "Failure to perform, standing alone, is not proof that the defendant did not intend to perform." Ala. Code § 13A-8-1 (1)(f). (Emphasis supplied).
In this case, there was more than a mere failure to perform. Not only did the appellant fail to perform his obligations under the contract, but he also never returned the Adamses' telephone calls, refused to see Mr. Adams, and would not return the full amount of their deposit. The State's evidence was ample to allow the jury to find deception on the part of the appellant.
The commentary to § 13A-8-2 through § 13A-8-5, Code of Alabama 1975, states the Code's definition of theft of property removes the problems of the intent required for such crime. The language "to deprive" should be examined when dealing with intent. To deprive means "to retain the property with intent to restore it to the owner only if the owner purchases or leases it back, or pays a reward or other compensation for its return." Ala. Code 1975, § 13A-8-1 (2)(c). The appellant retained the deposit even when a demand for its return was made by the Adamses, and offered to return it only when court action was instituted and then only in the amount of 70% of the deposit. The 35% forfeiture clause is analogous to a penalty for the return of the deposit. The requirements of the statute were sufficiently proven by State's evidence, and we believe appellant's actions or inaction, as the case may be under the evidence, could reasonably leave the jury to conclude that appellant's actions constituted theft of property as defined in Ala. Code § 13A-8-2. Craig v. State, 410 So.2d 449 (Ala.Cr.App. 1981); Anderson v. State, 33 Ala. App. 531, 36 So.2d 242 (1948).
This court has consistently held that in a prosecution for theft, i.e., the issue of whether the appellant had the intent to deprive the victim of his property is a question for the jury. Barbee v. State, 395 So.2d 1128 (Ala.Cr.App. 1981); Craigv. State, 410 So.2d 449 (Ala.Cr.App. 1981). Whether or not the appellant intended to *Page 970 
deprive the Adamses of their deposit was a question for the jury which it resolved against the appellant.
Therefore, the judgment of the lower court is due to be and is hereby affirmed.
AFFIRMED.
HARRIS, P.J., and BOWEN and BARRON, JJ., concur.
DeCARLO, J., dissents.