536 So.2d 99 (1986)
Elias PUGH
v.
STATE.
3 Div. 228.
Court of Criminal Appeals of Alabama.
January 28, 1986.
Rehearing Denied April 22, 1986.
On Return to Remand November 23, 1988.
*100 Charles M. Law, Montgomery, for appellant.
Charles A. Graddick, Atty. Gen., and Jean Alexandra Webb, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
Appellant Elias Pugh was convicted of theft in the second degree and was sentenced by the trial court to twenty years' imprisonment in the state penitentiary.
On November 6, 1984, the appellant rented a video recorder valued at $380 from National Video in Montgomery, Alabama. The rental was for one day. When, after three days, the recorder had not been brought back, the owner of National Video telephoned the appellant to inform him that the recorder was overdue and must be returned. Several days later, the appellant brought the equipment back, paid a late fee and re-rented the recorder and a movie for an additional two days. The check given by the appellant as payment to National Video was later returned for insufficient funds. The video recorder and tape were not brought back at the end of the two-day rental period. On November 27, 1984, and again on December 6, 1984, the owner of National Video contacted the appellant and demanded that the video tape and recorder be returned. On each occasion the appellant stated that he would return the rental equipment, but failed to do so. Numerous other attempts by the owner to contact the appellant proved futile. Finally, in January of 1985, the owner swore out a warrant for the appellant's arrest. On February 6, 1985, the police located the appellant and the rental property in Tuskegee, Macon County, Alabama. Paper had been taped over all the National Video labels on the video recorder. When asked by police why he had not returned the video tape and recorder to National Video, the appellant replied that his aunt had been sick and also that he had no way to get to Montgomery.

I
The appellant contends that the state failed to prove a prima facie case of theft in the second degree because it did not establish that he possessed the requisite intent to permanently deprive the owner of his property. He argues that he merely kept the video equipment beyond his lease period and that he intended to eventually return the equipment to National Video. Whether a defendant possessed the intent to permanently deprive another of his property is a jury question. Andersen v. State, 418 So.2d 967 (Ala.Cr.App. 1982); Craig v. State, 410 So.2d 449 (Ala. Cr.App.1981). Absent clear and convincing *101 evidence to the contrary, the jury's finding will not be reversed on appeal. Sales v. State, 435 So.2d 242 (Ala.Cr.App.1983). We are not in the business of being substitute jurors. Here, the evidence was sufficient to sustain the jury's finding.

II
The appellant next contends that this action should have been brought against Video Vision, Incorporated, of which he is president, rather than against him individually. He argues that because the video equipment he rented was used for corporate business and was paid for with a corporate check, he should be immune from personal liability. Essentially, it is the appellant's contention that any legal action brought against him should be in the nature of a civil suit rather than a criminal prosecution. In civil proceedings, officers and directors of a corporation are generally immune from personal liability for acts committed within the scope of their employment. Tallant v. Grain Mart, Inc., 432 So.2d 1251 (Ala.1983). This rule does not apply in Criminal proceedings, however. Section 13A-2-26, Code of Alabama 1975, provides:
"A person is criminally liable for conduct constituting an offense which he performs or causes to be performed in the name of or in behalf of a corporation to the same extent as if such conduct were performed in his own name or behalf."
"This section makes certain that a corporate agent is not exempt from personal criminal liability merely because all or part of his conduct is committed in the name of a corporation or for the corporation's benefit." Committee Comments, Ala.Code 1975, § 13A-2-26. Had the appellant, of his own volition, returned the rental property to its rightful owner, then legal action against him might have been restricted to a civil suit against the corporation. In this case, however, the appellant's actions with respect to the rental property were consistent with an intention to keep the property indefinitely. Since the evidence indicates that the appellant obtained the video property by deception and that for a considerable period of time after the rental term expired and without claim under color of law, he continued to exercise control over the property despite the owner's repeated demands that the property be returned, we hold that a criminal prosecution for theft was properly brought against him.

III
The appellant next maintains that he was denied effective assistance of counsel. His contention is based upon the alleged failure of his attorney to make certain objections and motions during trial.
The Sixth Amendment right of counsel includes the right to the effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). However, it is the appellant who bears the burden of proving that he was not adequately represented by his attorney. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representations fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).
"Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' See Michel v. New York [State of Louisiana], supra, 350 U.S. [91] at 101, 76 S.Ct. 158 at 164 [100 L.Ed. 83 (1955) ]. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." 466 U.S. at 689, 104 S.Ct. at 2065-66, 80 L.Ed.2d at 694-695.
"The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed. 2d at 698. The record in this case does not *102 substantiate the appellant's allegations of ineffective assistance of counsel. The record indicates that the appellant's trial attorney performed ably and "within the range of competency generally demanded of attorneys in criminal cases." Mylar v. State, 671 F.2d 1299 (11th Cir.1982).

IV
Finally, the appellant contends that the trial court erred in sentencing him to twenty years in the state penitentiary. The appellant was convicted of theft of property in the second degree, which is a class C felony. § 13A-8-4, Code of Alabama 1975. The maximum term of imprisonment for conviction of a class C felony is ten years. § 13A-5-6, Code of Alabama 1975. There is nothing in the record to indicate that the Habitual Felony Offender Act applied. Therefore, the imposition of a twenty-year prison sentence was improper, and this case must be remanded to the trial court for proper sentencing.
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Presiding Judge.
This case was remanded for resentencing. Upon reconsideration, the court sentenced appellant Elias Pugh under § 15-18-8, Code of Alabama 1975, to 10 years' imprisonment. Appellant, after serving 3 years, will be placed on probation for 5 years. This case is now due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.