Inter-Connect, Inc., appeals from a summary judgment in favor of Alvin Gross on Inter-Connect's counterclaim alleging conversion, trespass, conspiracy, and disclosure of trade secrets. We reverse and remand.
The record suggests the following facts: On October 13, 1989, Inter-Connect purchased from Gross Realty Company, Inc., several items of electronic equipment. Gross Realty retained a security interest in 20 of the items; those 20 items were specifically cataloged in a financing statement filed with the secretary of state. On May 4, 1990, Gross Realty sued Inter-Connect, alleging that Inter-Connect had defaulted on its payments. On May 7, 1990, a representative of Gross Realty entered premises leased by Inter-Connect from Leroy Clark and Clark Associates (collectively referred to herein as "Clark"). He secured entry with Clark's assistance, but without the permission of InterConnect, and removed several items of personalty.
Inter-Connect counterclaimed against Gross Realty and filed a third-party complaint against Alvin Gross, individually (Alvin Gross was the president of Gross Realty), alleging (1) conversion, (2) trespass, and (3) misappropriation of trade secrets. InterConnect also filed a third-party complaint against Clark, alleging that Clark and Gross had conspired "to reach a lawful objective, repossession of allegedly defaulted security, through unlawful means; to-wit: trespass, theft and/or burglary."
On October 26, 1990, Gross and Gross Realty moved for a summary judgment as to Inter-Connect's claims against Gross and as to its claims against Gross Realty alleging conspiracy and misappropriation of trade secrets. As grounds for his motion, Gross stated, in part:
 "1. That Alvin Gross did no act that forms the basis of the facts alleged in the counter-complaint of the corporate defendant, Inter-Connect, Inc., in his individual capacity. All acts allegedly done by the plaintiffs were done by a corporation known as Gross Realty Company, Inc., and/or its agents, servants and/or employees of the corporation acting in the line and scope of their duties."
(Emphasis added.) On April 25, 1991, the trial court entered the following notation on the case action summary sheet: "Motion for summary judgment filed by counter defendant,Alvin Gross, is hereby granted. It appears to the court that there is no dispute of material facts." (Emphasis added.)
On April 3, 1992, Clark moved for a summary judgment as to Inter-Connect's claims against it. The court denied that motion. On September 25, 1992, Gross Realty was dismissed from the action on "suggestion of bankruptcy." Clark and Inter-Connect entered a pro-tanto settlement, and filed a "Joint Stipulation of Dismissal." The court dismissed the claims as between those parties. On April 2, 1993, Inter-Connect moved to alter, amend, or vacate, the summary judgment entered on April 25, 1991. The trial court overruled the motion and InterConnect appealed from the summary judgment of April 25, 1991.
On appeal, Inter-Connect contends that the judgment must be construed as resting solely on the legal issue of whether Alvin Gross's allegedly tortious actions may subject him to personal liability, notwithstanding his allegations that he was acting only on behalf of the corporation. We agree.
"Judgments are to be construed like other written instruments." Hanson v. Hearn, 521 So.2d 953, 954
(Ala. 1988). "Rules applicable to the construction and interpretation of contracts are applicable to the construction and interpretation of judgments." Id. Affidavits *Page 869 
and deposition excerpts filed in conjunction with the motion for the summary judgment in this case raised a number offactual issues. For example, Gross admitted in a deposition that he, aided by Leroy Clark and another individual, entered Inter-Connect's premises on May 7, 1990, and removed various items of personalty. In an affidavit filed in support of his summary judgment motion, Gross admitted that some of those items were not subject to his securityinterest. Inter-Connect's president stated in an affidavit that, as of the time she made the affidavit, some of the unsecured property had not been returned to Inter-Connect, including "documents of a sensitive and confidential nature to Inter-Connect."
Moreover, the court's order entering the summary judgment in favor of Alvin Gross omits any reference to Gross Realty — specifically referring only to Grossindividually. Additionally, the trial courtdenied Clark's motion for a summary judgment as to the conspiracy claims against it. These facts support the conclusion that the trial court recognized the existence of factual issues regarding the activities of Gross Realty andClark. Considerations of consistency suggest that if the underlying facts preclude a summary judgment for the corporation, for which Gross allegedly acted, and for Clark, with whom Gross allegedly conspired, those identical facts should, in the absence of some legal impediment, preclude a summary judgment in favor of Gross. Consequently, we construe the judgment as turning on the legal consequences of Gross's acts as an alleged representative of Gross Realty.
 "It is a well settled rule in this state that a person is liable for the torts which he or she commits, regardless of the capacity in which that person acts. As stated in Finnell v. Pitts, 222 Ala. 290, [293,] 132 So. 2, 4
(1930):
 " 'When a person commits a tort, it is wholly immaterial upon the question of his liability, whether he was acting officially or personally.'
 "The reason for finding personal liability is that the agent personally has committed a wrong, independent of the principal's wrongdoing. This rule was reiterated in Southeastern Constr. Co. v. Robbins, 248 Ala. 367, 27 So.2d 705
(1946)."
Chandler v. Hunter, 340 So.2d 818, 822 (Ala.Civ.App. 1976).
This rule applies to " 'torts committed by the officers or agents of a corporation in the management of its affairs. The fact that the circumstances are such as to render the corporation liable is altogether immaterial. . . . Corporate officers are liable for their torts, although committed when acting officially.' " Crigler v. Salac,438 So.2d 1375, 1380 (Ala. 1983) (quoting Fletcher's Cyclopedia ofCorporations, § 1135, at 202 (1975)) (president and principal owner of a corporation who "authorized, directed, or actively participated in" corporate conduct amounting to conversion held individually liable). See also AlabamaMusic Co. v. Nelson, 282 Ala. 517, 521, 213 So.2d 250
(1968) (officer of a corporation who "ordered, directed and ratified" corporate conduct amounting to conversion held individually liable); Roan v. McCaleb, 264 Ala. 31,84 So.2d 358 (1955) (president of a corporate automobile dealership who personally participated in the wrongful disposition of an automobile was individually liable for its conversion, notwithstanding his status as a corporate representative).
Under this rule, Gross cannot escape individual liability on the ground that he was acting in an official corporate capacity. The summary judgment in his favor was, therefore, improperly entered. That judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, HOUSTON and KENNEDY, JJ., concur. *Page 870