665 So.2d 1002 (1995)
Don SMITH
v.
STATE.
CR-93-1222.
Court of Criminal Appeals of Alabama.
March 24, 1995.
Rehearing Denied May 5, 1995.
Rodney Ward, Gadsden, for appellant.
Jeff Sessions, Atty. Gen., and Rodger Brannum, Asst. Atty. Gen., for appellee.
COBB, Judge.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17, 1995.
The appellant, Don Smith, was convicted of theft of property in the third degree, a violation of Ala.Code 1975, § 13A-8-5. He was given a twelve-month suspended sentence and was ordered to pay $250 in restitution, $25 to Alabama crime victim's compensation fund, court costs, and attorney fees. The appellant correctly alleges that the State failed to prove the element of intent to deprive the owner of her property as alleged in the indictment. Ala.Code 1975, § 13A-8-2(1).
"Theft of property is a specific intent crime. Section 13A-8-2, Code of Alabama (1975); Lee v. State, 439 So.2d 818 *1003 (Ala.Cr.App.1983)." Aucoin v. State, 548 So.2d 1053, 1055 (Ala.Cr.App.1989). "While intent is a question for the jury, there must be some evidence of that intent. `Failure to perform, standing alone, however, is not proof that the defendant did not intend to perform.' Ala.Code § 13A-8-1(1)(f) (1975). See also Andersen v. State, 418 So.2d 967 (Ala.Cr.App.1982)." Swinney v. State, 482 So.2d 1326, 1329 (Ala.Cr.App.1985) (Swinney involved theft by deception. Ala.Code 1975, § 13A-8-2(2).
"`[F]raudulent intent need not be proven by direct substantive evidence, but can be inferred from the accused's conduct and the circumstances of the case.' Cottonreeder v. State, 389 So.2d 1169, 1174 (Ala.Cr. App.1980)." Benefield v. State, 469 So.2d 699, 701 (Ala.Cr.App.1985) (the appellant in Benefield was charged with theft by deception. Ala.Code 1975, § 13A-8-2(2).) "`Intent,... being a state or condition of the mind, is rarely, if ever, susceptible of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstances as developed by the evidence.' Pumphrey v. State, 156 Ala. 103, 47 So. 156,157 (1908)." McCord v. State, 501 So.2d 520, 528-29 (Ala.Cr.App.1986). Viewing all the evidence in a light most favorable to the prosecution, as we are required to do, we find that the facts testified to and the circumstances of the case did not permit the jury to find that the appellant intentionally deprived the victim, Betty R. Holmes, of $250 given to him in return for his promise to provide her with 72 screenprinted T-shirts.
The following evidence was presented at trial: Holmes contacted the appellant after a friend recommended him and praised his work. Holmes's own satisfaction with the appellant's past work for her was a factor in hiring him to screenprint her T-shirts. Holmes paid the appellant $250 in advance and told the appellant that she wanted the T-shirts ready in time for "the election", which was several months away, but she was vague about when the appellant was to have the T-shirts completed. Holmes acknowledged that the appellant telephoned her and told her that he was unable to find the yellow T-shirts she had requested. However, she was never successful in several attempts to reach him by telephone. The appellant designed the artwork for Holmes's T-shirts, which he says was of no value to him unless he intended to use it to produce her T-shirts. The search for the yellow T-shirts took several weeks. During this time, the appellant's already poor financial condition worsened and he was ultimately unable to produce the T-shirts. The appellant sought protection from creditors by filing for bankruptcy. The delay in beginning Holmes's project allowed the appellant to spend Holmes's money on other things, e.g., the hospitalization of his mother-in-law and her subsequent funeral expenses. The fact that the $250 given to him by Holmes was dissipated did not prove that he did not intend to perform his promise when he accepted the money. Furthermore, evidence that the appellant had previously been convicted of writing a check on a closed account did not prove that the appellant had a history of corrupt dealings with customers. Writing a bad check is not a crime of the same nature as, and is not indicative of a common plan or scheme to commit a theft of property against a customer as the present case charges.
In Baker v. State, 588 So.2d 945, 947 (Ala. Cr.App.1991), Baker's conduct nearly mirrored that of the appellant in this case. This court affirmed Baker's conviction, finding that sufficient evidence of intent was presented. In both Baker and this case the appellants accepted money in return for providing a service for the victim; failed to provide the service; failed to return the money; did not respond to telephone requests for satisfaction by the victims; performed some work toward the ultimate goal; and alleged financial difficulties as an excuse for their conduct. However, in Baker this court put great emphasis on the fact that Baker had a history of defrauding his customers in this way. This court found Baker's history indicative of a common plan or scheme to defraud customers. As previously stated, the appellant in this case did not have a history of defrauding customers.
"The test to be applied in reviewing the sufficiency of circumstantial evidence is not whether the evidence excludes every reasonable *1004 hypothesis except that of guilt, but whether a jury might reasonably so conclude. Dolvin v. State, 391 So.2d 133, 137-38 (Ala. 1980); Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979)." McCord, 501 So.2d at page 529. The evidence in this case was not such that the jury could reasonably conclude that the appellant intended to commit a theft of property. Essentially the State's evidence in this case was as follows: 1) the appellant failed to produce the T-shirts as promised; 2) the appellant failed to telephone the victim more than one time to inform her of problems in acquiring the yellow T-shirts; and, 3) the appellant failed to return the victim's money. These facts, taken in a light most favorable to the prosecution, prove only that the appellant failed to perform a contractual obligation he had with the victim, and as such, his actions constitute, if anything, a breach of contract, which merits a civil remedy. An affirmance under the facts presented in this case would only serve to cast prosecutors in the role of judgment collectors and encourage potential civil litigants to seek a remedy in a criminal court in the form of restitution. The end result would be to hinder the expeditious disposition of the enormous criminal docket already in existence.
Based on the facts presented in this case, we must reverse the judgment of the trial court and render a judgment for the appellant.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur except LONG, J., who dissents with opinion.
LONG, Judge, dissenting.
I must respectfully dissent. Whether the appellant possessed the requisite intent to deprive Holmes of her property was a question for the jury, and the judgment based on its finding on this issue should not be reversed absent clear and convincing evidence to the contrary. Pugh v. State, 536 So.2d 99 (Ala.Cr.App.1986). I believe that the evidence was sufficient to sustain the jury's finding.