KENNEDY, Justice
(dissenting).
I must respectfully dissent from the order quashing the writ of certiorari.
In 1987, Otis Randy Curry was seriously injured and permanently disabled when the track he was driving for Interstate Express, Inc. (“Interstate”), wrecked as a result of an improperly loaded shipment that shifted during transit. Curry sued Interstate, seeking workers’ compensation benefits. Through discovery, Curry learned that Interstate did not have a workers’ compensation insurance policy for 1987 to cover Curry’s injuries. Curry also discovered that Interstate was no longer in business.
Curry then amended his complaint to add as defendants the two corporate officers of Interstate, arguing that they were individually liable for Interstate’s failure to have workers’ compensation insurance. The trial court held that the corporate officers were not liable as individuals. The Court of Civil Appeals affirmed, without an opinion. Curry v. Interstate Express, Inc., 666 So.2d 118 (Ala.Civ.App.1995) (table).
It is undisputed that Interstate was required to have workers’ compensation insurance in 1987 when Curry was injured. See § 25-5--8, Ala.Code 1975. Because Interstate is no longer in business and presumably has no assets, the next question is whether Curry can sue the corporate officers individually for the corporation’s workers’ compensation insurance. I would hold that they are individually liable.
Generally, corporate officers are immune from liability for obligations incurred by the corporation in the usual course of business. However, the corporate structure may be disregarded and corporate officers held personally liable when they commit fraud or do other wrongful acts in the name of the corporation. See Inter-Connect, Inc. v. Gross, 644 So.2d 867 (Ala.1994) (corporate officer could not escape personal liability for tortious acts he committed when acting in an official corporate capacity); Pugh v. State, 536 So.2d 99 (Ala.Crim.App.1986) (general immunity of corporate officers and directors from personal liability for acts committed within the scope of their employment does not apply in criminal proceedings). The judicial process whereby the court will disregard the usual immunity of corporate officers from liability for wrongful corporate activities is known as “piercing the corporate veil.” Black’s Law Dictionary, 1147-48 (6th ed.1990).
In this case, the corporate officers violated the Workers’ Compensation Act and committed criminal and civil wrongs when Interstate, under their control and direction, failed to obtain workers’ compensation insurance. I would hold the corporate officers personally liable for that failure.