THOMAS, Judge,
dissenting.
I respectfully dissent. I would apply well-established rules of construction to the judgment to resolve the apparent ambiguity, and, therefore, I would reach the merits of the Coleys’ appeal.
“Courts interpret judgments by the same rules of construction as ‘other written instruments.’ Wise v. Watson, 286 Ala. 22, 27, 236 So.2d 681, 686 (1970). ‘If there is uncertainty and ambiguity in a ... judgment, the [reviewing] court must construe it so as to express the intent of the ... trial judge.’ Price v. Price, 360 So.2d 340, 343 (Ala. Civ.App.1978). See also Inter-Connect, Inc. v. Gross, 644 So.2d 867, 868 (Ala. 1994) (‘ “Rules applicable to the construction and interpretation of contracts are applicable to the construction and interpretation of judgments.” ’) (quoting Hanson v. Hearn, 521 So.2d 953, 954 (Ala.1988)).”
Boyd v. Franklin, 919 So.2d 1166, 1171 (Ala.2005).
“Under those established rules of contract construction, where there is a choice between a valid construction and an invalid construction the court has a duty to accept the construction that will uphold, rather than destroy, the contract and will give effect and meaning to all of its terms. See [Voyager Life Ins. Co. v. Whitson, 703 So.2d 944,] 948M9 [ (Ala. 1997) ]; Sullivan, Long & Hagerty v. Southern Electric Generating Co., 667 So.2d 722, 725 (Ala.1995).”
Homes of Legend, Inc. v. McCollough, 776 So.2d 741, 746 (Ala.2000).
The main opinion advances two possible interpretations of the trial court’s judgment. The first, that the trial court determined that the line in the 2007 JBWT survey established the true and correct section line and that the defendants had possessed the property to that line to the exclusion of the Coleys, conforms with established Alabama law. Thus, this interpretation “uphold[s], rather than destroy[s], the [judgment] and ... give[s] effect and meaning to all of its terms.” McCollough, 776 So.2d at 746. The second possible interpretation, that the trial court impermissibly relocated the government section line based on a finding of adverse possession, does not. Therefore, applying the rules applicable to construing a judgment, I would resolve the apparent ambiguity in favor of the former interpretation and reach the merits of the appeal.