PER CURIAM.
The State of Alabama appeals the decision of the circuit court dismissing the indictment charging Demario' Dohtez Walker with first-degree theft of service’s, see § 13A-8-10.1, Ala.Code 1975. " '
On November 17, 2014, Walker was indicted for first-degree theft of services. On February 16, 2015, Walker filed a motion to dismiss the indictment, arguing that the circuit court lacked jurisdiction to try him because “this'’’is simply a civil matter” based on “á contract dispute.” (C. 43.)
Ón February 27, 20Í5, the circuit court held a hearing on Walker’s motion. At the hearing, Walker asserted that on July 1, 2014, he entered into a contract for transportation with a cab company that allowed him 30 days to remit payment for services rendered. Walker paid the cab company with a check, which was not honored by Walker’s bank.[1] Walker argued to the circuit court that he had intended to pay the cab company but that he was arrested on July 28, 2014, before his allotted 30-day period for payment had expired. Walker then argued that “we just feel that this essentially is a civil suit.” (R. 4.)
*428 On March 5, 2015, the circuit court granted Walker’s motion. The following day, the State filed a motion to reconsider, arguing that the circuit court lacked authority under Rule 13.5(c)(1), Ala. R.Crim. P., to dismiss the indictment. On March 12, 2015, the State filed a timely notice of appeal. See Rule 15.7(b), Ala. R.Crim. P.
On appeal, the State reasserts its argument that the circuit court lacked authority to dismiss the indictment against Walker. This Court agrees.
A trial court’s authority to grant a pretrial motion to dismiss the indictment is limited by Rule 13.5(c)(1), Ala. R.Crim. P. State v. Bethel, 55 So.3d 377, 378-79 (Ala.Crim.App.2010). Rule 13.5(c)(1) states that a “motion to dismiss the indictment may be based upon objections to the venire, the lack of legal qualifications of an individual grand juror, the legal insufficiency of the indictment, or the failure of the indictment to charge an offense.”
Walker has made no objection to the venire, nor has he challenged the legal qualifications of an individual grand juror. To the extent Walker’s motion could be construed as a challenge to the sufficiency of the indictment or as asserting that the indictment failed to charge an offense, such a claim is without merit. In State v. Davis, [Ms. CR-13-1860, May 29, 2015] —■ So.3d - (Ala.Crim.App.2015), this Court addressed the requirements for a legally sufficient indictment:
“Rule 13.2(a), Ala. R.Crim. P., mandates:
“ ‘The indictment or information shall be a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment.’
“However, ‘ “[u]nder our system of pleading, indictments are rather a statement of legal conclusions, than of facts.” ’ Ex parte Behel, 397 So.2d 163, 165 (Ala.1981) (quoting Hochman v. State, 265 Ala. 1, 91 So.2d 500 (1956)). Thus, ‘[a]n indictment is sufficient if it charges an offense in the language of a statute, and it need not set up proof necessary to a conviction.’ Ex parte Behel, 397 So.2d at 165 (citing Finley v. State, 28 Ala.App. 151, 181 So. 123 (1938)). Accordingly, ‘[a]n indictment that tracks the language of the statute is sufficient [to inform the accused of the offense with which he is being charged] if the statute prescribes with definiteness the essential elements of the offense.’ Tompkins v. State, 898 So.2d 875, 877 (Ala.Crim.App.2004) (citation omitted).”
Davis, 192 So.3d at 42.
Walker was charged with first-degree theft of services. “A person commits the crime of [first-degree] theft of services if [he] intentionally obtains services [that exceed $2,500] known by him to be available only for compensation by deception, threat, false token or other means to avoid payment for the services.” §§ 13A-8-10(a)(1) and 13A-8-10.1(a), Ala.Code 1975. The indictment alleged that Walker,
“whose name is otherwise unknown to the Grand Jury, did intentionally obtain from River Region Cab Company services, to-wit: cab and/or transportation services, known by him to be available only for compensation, and having a value in excess of $2,500.00 dollars, by deception, threat, false token or other means to avoid payment for said services, in violation of section 13A-8-10.1 of the Code of Alabama, against the *429 peace and dignity of the State of Alabama.”
(C. 7.) The indictment charged an offense and tracked the language of the statute defining the offense of first-degree theft of services, which prescribes with definiteness the essential elements of the offense. Therefore, Walker’s indictment could not have been dismissed on either of the two remaining grounds in Rule 13.5(c)(1).
In its order granting Walker’s motion to dismiss, the circuit court did not provide the ground upon which it was granting the motion. However, none of the four grounds that could support a pretrial motion to dismiss an indictment are applicable. The circuit court, therefore, lacked authority under Rule 13.5(c)(1) to grant Walker’s motion to dismiss the indictment.
Walker counters on appeal that the circuit court’s action was proper pursuant to this Court’s holding in Ankrom v. State, 152 So.3d 373 (Ala.Crim.App.2011). Specifically, Walker argues that he presented a pure question of law to the circuit court and that the circuit court properly ruled that his actions do not constitute a violation of § 13A-8-10.1, Ala.Code 1975. See Ankrom, 152 So.3d at 377-79.
Contrary to Walker’s argument, he did not present a pure question of law to the circuit court. Walker argued to the circuit court that his failure to remit payment to the cab company was a contractual matter that should be pursued as a civil claim. This Court has repeatedly held, though, that the difference between a civil breach of contract and the crime of theft is intent. See Houston v. State, 933 So.2d 397 (Ala.Crim.App.2005); Smith v. State, 665 So.2d 1002, 1003-04 (Ala.Crim.App. 1995); Baker v. State, 588 So.2d 945, 947 (Ala.Crim.App.1991); Bullen v. State, 518 So.2d 227, 233-34 (Ala.Crim.App.1987); Benefield v. State, 469 So.2d 699, 701-02 (Ala.Crim.App.1985). Specifically, “ ‘[a] present intent not to comply with a promise or a statement as to a future act can be the basis of the .crime of obtaining [services] by false pretenses.’ ” Further, “[i]n a theft case, intent is a question for the jury.” Bullen, 518 So.2d at 234 (citing McCord v. State, 501 So.2d 520 (Ala.Crim. App.1986)).
Although the parties may generally agree to the facts, the central question of intent is “a question that only a jury could resolve.” Benefield, 469 So.2d at 702. Walker did not present the circuit court with a pure question of law, but rather a mixed question of law and fact. Therefore, this Court’s holding in Ankrom was not applicable to the facts of this case.
Based on the foregoing, the circuit court erred in granting Walker’s motion to dismiss his indictment. The judgment of the circuit court is reversed, and this case is remanded for the circuit court to set aside its order dismissing the charge of first-degree theft of services and to restore Walker’s case to its active docket.
REVERSED AND REMANDED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.
WINDOM, P.J., concurs in the result, with opinion.

. During the hearing on the State’s motion for reconsideration, the • State clarified that the account on which the check had been written was a closed account.